COLUMBUS C. SMITH

v.

SARAH J. BRITTENHAM.

</div>

WRIT OF ASSISTANCE—HOW ISSUED.—Where a writ of assistance becomes necessary to put the complainant in possession of the land to which he is entitled, he should be required to present the facts requiring such writ to the Circuit Court, so that the court may judge of the propriety of awarding it.

ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. TIPTON & POLLOCK, for plaintiff in error; that a partial failure to perform a contract, although there may be compensation in damages, will not authorize the other party to put

an end to it; cited Franklin v. Miller, 4 Adol. & Ell. 599; Weintz v. Hafner, 78 Ill. 27.

Fraud gives jurisdiction in chancery only where there is no remedy at law: Larned v. Holmes, 49 Miss. 30.

Jurisdiction for damages does not attach in equity except as an incident or auxiliary to some other relief: Scott v. Bilgerry, 40 Miss. 119; 2 Story's Eq. Jur. § 794; Willard's Eq. Jur. 309.

Fraud will give equity jurisdiction where there is no adequate remedy at law: Scott v. Bilgerry, 40 Miss. 119; Ware v. Houghton, 41 Miss. 370; Davis v. Heard, 44 Miss. 57; Halls v. Thompson, 1 S. & M. 443; Story on Contracts, § 977; Story's Eq. Pl. § 472.

Misrepresentations to obviate a contract of sale of land must relate to a material matter of inducement which misled the other party to his injury: Slaughters v. Grum, 13 Wall. 379; Harding v. Hondley, 11 Wheat. 103.

Before a party can rescind a contract he must restore the consideration received: Griffith v. Frederick Co. Bank, 6 Gill & J. 424; Martin v. Bordus, 1 Freem. Ch. 35; Blen v. Bear River, etc. Mining Co. 20 Cal. 602; Kimball v. Cunningham, 4 Mass. 502; Conner v. Henderson, 15 Mass. 319; Fisher v. Wilson, 18 Ind. 133; Cook v. Gillman, 34 N. H. 557; Shepard v. Fisher, 17 Ind. 229; Shaw v. Barnhart, 17 Ind. 183; DeSha's Ex'rs v. Robinson's Ex'rs, 17 Ark. 228; Weeks v. Roby, 42 N. H. 316; Clarkson v. Mitchel, 3 E. D. Smith, 269; Willmanson v. Moor, 2 Disney, 30; Getting v. Newell, 9 Ind. 572; Garand v. Boling, 1 Hempst. 710; Lone v. Latimer, 41 Ga. 171; Turner v. Green Clay, etc. 3 Bibb. 52; Ellington v. King, 49 Ill. 449; Jarrett v. Martin, 44 Mo. 275; Johnson v. Martin, 44 Mo. 275; Johnson v. Walker, 25 Ark. 196; Complin v. Burton, 2 J. J. Marsh, 216; Waters v. Lemon, 4 Ohio, 220; Wolf v. Dietzsch, 75 Ill. 210; Buchanan v. Hornet, 12 Ill. 338; Bowen v. Schuler, 41 Ill. 193; Ryan v. Brant, 42 Ill. 78; King v. Mason, 42 Ill. 223; Clark v. Dickson, El. B. & E. 148; Hunt v. Silk, 5 East. 449.

If a vendor sells any part of the goods, he cannot repudiate the sale: Wolf v. Dietzsch, 75 Ill. 210; Chitty on Contracts,

351; Story on Sales, § 427; Cox v. Montgomery, 36 Ill. 396.

A party rescinding on the ground of fraud must do so at once upon discovery of the fraud: Thomas v. Barton, 48 N. Y. 193; Flint v. Wood, 9 How. 622; Jennings v. Brighton, 5 DeG. M. & G. 139; Lloyd v. Brewster, 4 Paige, 537; Saratoga & S. R. R. Co. v. Rowe, 24 Wend. 74; Minitum v. Main, 3 Seld. 220; Campbell v. Fleming, 1 Adol. & Ell. 40; Diman v. Providence, etc., R. R. Co. 5 R. I. 130.

A reconveyance should be ordered only upon terms of repayment of purchase money and all sums laid out in improvements, with interest: Harding v. Handy, 11 Wheat. 103; Brooke v. Berry, 2 Gill. 83; Mirely v. Buck, 3 Munf. 232; Tyler v. Black, 13 How. 230; Ellis v. Groves, 5 Dana, 119; Bullock v. Berries, 1 A. K. Marsh, 432; Underwood v. West, 52 Ill. 397; Donovan v. Friclar, 1 Jac. 166; 2 Hilliard on Vendors, 149.

The writ of assistance should be issued by the court: Kenshaw v. Thompson, 4 Johns. Ch. 610; Williams v. Waldo, 3 Scam. 264; Bruce v. Roney, 18 Ill. 67; Frelinghuysen v. Colden, 4 Paige, 204; Van Hook v. Throckmorton, 8 Paige, 33; Insurance v. Co. Stebbins, 8 Paige, 565; Brush v. Fowler, 36 Ill. 58; Jansen v. Acker, 23 Wend. 480; Jackson v. Warren, 32 Ill. 340; 4 Kent's Com. 184; 1 Lennox Dig. 534.

After a cause is stricken from the docket it cannot be restored without notice to the opposite party: Heywood v. Collins, 60 Ill. 328; Hall v. O'Brien, 4 Scam. 408.

Where there has been long delay in filing a bill, account of rents and profits will be limited to the filing of the bill: Drummond v. Duke of St. Albans, 5 Ves. 433; Pickett v. Loggin, 14 Ves. 433; Kerr on Fraud and Mistake, 348.

Messrs. LODGE & WELDON, for defendant in error; that the default in this case admitted all the facts properly charged in the bill, cited Mansfield v. Hoagland, 46 Ill. 539.

Upon a bill taken *pro confesso* it cannot be objected that the facts do not warrant the relief granted: Boslin v. Nichols, 47 Ill. 353.

Defendant is not guilty of *laches:* Cox v. Montgomery, 36 Ill. 396; 2 Story's Eq. 695.

Smith v. Bingman.

Compensation need not be tendered before filing the bill: Bryant v. Brant, 42 Ill. 75.

Unless exceptions are taken to the master's report, they cannot be urged on appeal: Rygard v. McNeal, 38 Ill. 401.

PER CURIAM. We find no error in the record of this case, except in that portion of the decree rendered by the court below, in which it provides that the possession of the premises in controversy be surrendered to appellee within thirty days, and upon failure or refusal, that the clerk of the court issue the usual writ of assistance, under the seal of the court, to the sheriff to put appellee in possession of the lands. The authority to the clerk to issue the writ of assistance could not be conferred by the court in the manner attempted by the decree. In Bruce v. Roney et al. 18 Ill. 74, it was held, " should a writ of assistance become necessary to put the complainant in possession of the interest in the land to which he is entitled, he should be required to present the facts requiring the assistance to the circuit court; so that the court itself may judge of the propriety of awarding the writ."

The decree of the circuit court must be reversed and the cause remanded, with directions to that court to proceed with the execution of said decree in accordance with this opinion.

Reversed and remanded.