## Eliza Dorr v. Frederick K. Root, Receiver.

1. WRIT OF ASSISTANCE—*When it May be Issued Without Petition.*
—Where defendant has had notice from the beginning as to what was sought and was as fully informed of the claim of right against her as she possibly could have been by a petition, and has had the same opportunity to contest, and did contest the issuing of various orders, the

same as if a petition had been filed, no petition need be filed for a writ of assistance to compel her to conform to the orders of the court.

**Appeal from an Order Granting a Writ of Assistance.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Affirmed. Opinion filed December 16, 1902.

In a certain cause in chancery in the Circuit Court, February 27, 1901, appellee was appointed receiver of certain premises, being the two-story and attic frame house on stone basement, known as No. 7120 Wentworth avenue, Chicago, with the usual powers of receivers in chancery, and among others, " to take possession of the said premises, care for, manage, lease and demise the same for such term, not exceeding one year, and for such rental as he should deem advisable and best, and to collect the rents, issues and profits thereof, and also to carry on suits for collection of rents, to institute and prosecute summary proceedings, to employ agents and counsel."

The receiver was appointed upon notice given to appellant. Thereafter notice was given to appellant that on April 5, 1901, application would be made for a rule on her and others to show cause by April 5, 1901, why they should not pay rent to the receiver or vacate said premises, and upon April 8th such rule was entered.

Thereafter, on April 15th, on notice to appellant and George Dorr that an application for a writ of attachment would be made, it appeared to the court that said Eliza Dorr and George Dorr had failed, neglected and refused to surrender possession of said premises to said receiver, or to pay rent therefor, and that they were then unlawfully in possession of said premises. It was therefore ordered that a writ of attachment issue in said cause against appellant and George W. Dorr to bring them before the court to show cause why they should not be adjudged guilty of contempt of court in refusing to obey the order of this court entered upon them on the 8th of April, 1901.

Thereafter, on the 19th day of April, 1901, upon an application made upon the affidavit of George W. Dorr to set

aside the order granting a writ of attachment issued April
15, 1901, it was ordered that said George Dorr and appel-
lant pay all taxes then due and make restitution from all
tax sales of the said premises on or before May 20th, other-
wise said order of April 15th to remain in full force and
effect.   On the 11th of June, 1901, upon the application of
the receiver for a writ of assistance, appellant being rep-
resented by counsel, and the court having heard her
objections, the court found said receiver entitled to the
possession of said premises and ordered that a writ of
assistance issue against appellant, commanding the sheriff
of Cook county to deliver forthwith the possession of
said property to the said receiver.   To the entry of which
order appellant excepted.

GEORGE G. BELLOWS, attorney for appellant.

EDMOND McMAHON, attorney for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion
of the court.

Appellant insists that the writ of assistance was improp-
erly issued, because no petition therefor had previously
been filed, and in support of her contention, cites Bruce v.
Roney, 18 Ill. 74; Smith v. Brittenham, 3 Ill. App. 62; Vol.
2 of the Encyclopedia of Pleading and Practice, page 982.

None of the authorities cited by counsel for appellant are
applicable to the present matter.   In this case, under pro-
ceedings of foreclosure, a receiver had, upon notice, been
duly appointed to take possession of the premises, receive
and collect rents thereof.   Appellant, being in possession,
refused to either surrender possession or to pay rent to the
receiver, and afterward, upon application, it would seem that
she was allowed to remain in the premises, provided she
paid the taxes due thereon.   This she failed to do, and
thereupon, upon notice to her, a writ of assistance was
ordered to put the receiver in possession of the premises.

The proceedings were entirely regular.   Appellant had
notice from the beginning as to what was sought and was
as fully informed of the claim of right made against her as

she possibly could have been by a petition. She had also the same opportunity to contest, and did contest the issuing of various orders, the same as if a petition had been filed.

The order of the Circuit Court is affirmed.